LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
5032 Woodminster Lane
Oakland, CA  94602
(510)530-4078
(510)530-4725/FAX
panoslagos@aol.com

Attorney for Plaintiff,
AMY LOUISE WHITTED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY LOUISE WHITTED,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HAYWARD,<br>HAYWARD POLICE DEPARTMENT,<br>DIANE URBAN, in her capacity as Chief of Police of the City of Hayward Police Department,<br>A. ABERIN (Badge #331), individually and in his capacity as an Peace Officer for the City of Hayward Police Department, M. HARDEN (Badge #317), individually and in his capacity as a Peace Officer for the City of Hayward Police Department, and DOES 1 – 200, jointly and severally,<br><br>    Defendants. | Case No.: 3:14-cv-2526<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br><br>**JURY TRIAL DEMANDED**<br><br>1. 42 U.S.C. §1983 – Civil Rights Violations<br>2. 42 U.S.C. §1983 – *Monell* – Civil Rights Violations<br>3. 42 U.S.C. §1983 – Unlawful Customs, Policies, Habits, or Procedures<br>4. CA Constitution, Article I, §13<br>5. CA Civil Code §52.1(b) – Civil Rights Violations<br>6. False Arrest<br>7. False Imprisonment<br>8. Intentional Infliction of Emotional Distress<br>9. 42 U.S.C. §1983 – Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline<br>10. Conspiracy<br>11. Injunctive Relief and Declaratory Relief |

Plaintiff, Amy Louise Whitted, by and through her attorney, Panos Lagos, Esq., the Law Offices for Panos Lagos, for her Complaint against Defendants, states the following:

///

///

**JURISDICTION**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1341, and 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§1983 and 1988. This action is brought pursuant to the First and Fourth Amendments to the United States Constitution, Article I, §13 of the California Constitution, and the laws of the State of California.

2. Plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under state law.

3. Venue is proper, pursuant to 28 U.S.C. §1391(e)(2), because the events giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

4. Plaintiff, Amy Louise Whitted (hereinafter referred to as "Plaintiff"), is, and at all times herein mentioned was, a citizen of the United States.

5. Defendant City of Hayward (hereinafter referred to as "CITY") is a political subdivision of the State of California, duly organized and existing under the laws of the State of California, and the Hayward Police Department (hereinafter referred to as "DEPARTMENT") is a duly organized agency of the CITY. (These two defendants may also hereinafter be referred to jointly as the " CITY".)

6. At all times mentioned herein, Defendant Diane Urban (hereinafter referred to as "URBAN") was the Chief of Police of the DEPARTMENT and was acting within the course and scope of her office and is sued in her official capacity as the final policymaker charged with the actions of the officers of the DEPARTMENT.

7. At all times mentioned herein, Defendants R. Aberin (hereinafter referred to as "ABERIN"), M. Harden (hereinafter referred to as "HARDEN"), and Does 1 to 200 were employed as DEPARTMENT officers for the CITY. Defendants ABERIN, HARDEN, and Does 1 to 200 are sued individually, and in their capacities as officers for Defendant CITY. By engaging in the conduct described herein, Defendants ABERIN, HARDEN, and Does 1 to 200

acted under color of law and in the course and scope of their employment for Defendant CITY. By engaging in the conduct described herein, Defendants ABERIN, HARDEN, and Does 1 to 200 exceeded the authority vested in them as DEPARTMENT officers under the United States Constitution and as law enforcement employees of the CITY.  At all times mentioned herein, Does 101 to 200 were employed as supervisory personnel in the DEPARTMENT.  Does 101 to 200 are sued individually, and in their capacities as supervisory personnel for the DEPARTMENT.  By engaging in the conduct described herein, Does 101 to 200 acted under color of law and in the course and scope of their employment for Defendant CITY.

8. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 to 200, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Doe Defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff as set forth herein.  Plaintiff will amend this Complaint to state the true names and capacities of Defendants Does 1 through 200, inclusive, when they have been ascertained.

9. At all times herein mentioned, each Doe Defendant was the agent or employee of Defendants CITY and URBAN, and in doing the things alleged, was acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendants CITY, URBAN, ABERIN, and HARDEN.

10. The acts and omissions of all Defendants, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the DEPARTMENT or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, in lieu of polices, practices, and procedures that should have been in place.  Plaintiff has complied with Government Code section 910 et seq. and this action was thereafter timely filed within all applicable statutes of limitation.

11. This Complaint may be pled in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

///

///

## STATEMENT OF FACTS

12.     While on her way home from work on July 26, 2013, Plaintiff was stopped by HARDEN without probable cause, lawful reason or reasonable suspicion of Plaintiff's violation of any law.

Defendants HARDEN and ABERIN officially (and falsely) reported that Plaintiff, "… was contacted during an enforcement stop per Section 5200(a) CVC-No license plates and 21460(a) CVC-Double solid line violation.  Upon contact, Whitted displayed the objective symptoms of being under the influence of a controlled substance, stimulant.  A 7-Step DAR Process was conducted and it was determined she was driving impaired.  Whitted was arrested for driving under the influence per Section 23152(a) CVC; (DUI Drugs) and transported to the Hayward Police Department Jail facility."

Defendant ABERIN asked Plaintiff, a female, to provide him a urine sample on-scene (presumably suspecting a violation of California Vehicle Code §23152(a)) which request was rejected by Plaintiff following which she was placed under arrest by Defendants HARDEN and ABERIN.  Plaintiff was transported in handcuffs to the DEPARTMENT'S jail facility and held for an unreasonably long period of time, without medical care, while having informed Defendants that she was sick and had a fever.

In falsely reporting the factual circumstances of this incident, ABERIN knowingly caused criminal proceedings to commence against Plaintiff for the violation(s) of California Vehicle Code §23152(a) forcing Plaintiff to defend herself from those charges. Those charges were dismissed by the Alameda County District Attorney's office because Plaintiff's blood results were negative.

Plaintiff's vehicle was wrongfully towed and stored causing Plaintiff to incur no less than $790 in related fees and expenses.  An as-yet unidentified DEPARTMENT personnel wrongly notified Plaintiff's employer of her arrest and incarceration.  As a knowing and legal result of the communication between Defendants and Plaintiff's employer, Defendants succeeded in causing Plaintiff to be placed on paid administrative leave.

///

COMPLAINT FOR DAMAGES                                                                                              - 4 –

*Whitted v. City of Hayward, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-2526

Plaintiff, at all times during the course of this incident and immediately prior thereto, was under the influence of no drug and not in violation of California Vehicle Code §23152(a) and for which she was placed under arrest.

ABERIN and HARDEN deliberately, knowingly, and, in retaliation, not only for Plaintiff's exercise of her right of free speech, but also, to cover up their own wrongdoing consisting of their abuse of authority in stopping and arresting Plaintiff, integrally participated in falsely presenting the facts, events and circumstances which occurred on July 26, 2013, in a material way, to the Alameda County District Attorney's Office hoping and intending the criminal prosecution of Plaintiff.  Upon information and belief, Plaintiff alleges that Defendants ABERIN, HARDEN, and Does 1 to 200 did so further abuse their oaths for the purpose of covering up their own criminal acts including, but not limited to, their violation of the following California Penal Code sections:

<u>Penal Code §118.1</u> – Peace officers; false report

<u>Penal Code §134</u> – Preparing false documentary evidence

13. Plaintiff was unlawfully arrested and restrained by Defendants HARDEN, ABERIN, and Does 1 to 200, for no excusable, just, or lawful reason and in violation of and/or in retaliation for the exercise of Plaintiff's civil rights under the laws and Constitutions of the United States including the First Amendment of the United States Constitution.

14. At no time did Plaintiff physically resist, threaten, batter or assault any Defendant prior to being unlawfully arrested on July 26, 2013.  No lawful orders were disobeyed by Plaintiff.

15. Plaintiff was unnecessarily arrested and imprisoned by Defendants ABERIN, HARDEN, and Does 1 to 200 for no excusable, just, or lawful reason and in violation of and/or in retaliation for the exercise of Plaintiff's civil rights under the laws of the Constitutions of the United States and the State of California including the First Amendment of the United States Constitution.  These violations were committed as a result of the policies and customs of the CITY and the DEPARTMENT that were allowed, accepted and promoted by URBAN and which constituted a deliberate indifference to the foreseeable constitutional consequences as stated and

exemplified by Plaintiff's incident heretofore alleged. Plaintiff suffered physical and mental/emotional injuries, pain and suffering and medical expenses.

16. At all times herein mentioned, URBAN, ABERIN, HARDEN, and Does 1 to 200 were acting within the course and scope of their employment with the CITY and were acting under color of law.

## FIRST CLAIM

### (Violation of Civil Rights – 42 U.S.C. §1983)

### (Against Defendants ABERIN and HARDEN)

17. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

18. In doing the acts complained of, Defendants acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free of unreasonable searches and seizures, and unlawful arrest and imprisonment, also protected by the Fourth Amendment to the United States Constitution;

    b. The right to freedom of speech protected by the First Amendment to the United States Constitution.

19. Defendants acted maliciously, intentionally, oppressively, willfully, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to exemplary or punitive damages according to proof.

20. As a proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as herein set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM

### (Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell*)

### (Against Defendants ABERIN, HARDEN, CITY, URBAN, and Does 1 to 200)

21. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

22. Defendants CITY, URBAN, and Does 1 to 200, by and through their supervisory officials and employees, Does 101 to 200, have been given notice on repeated occasions of a pattern of similar ongoing **specific** constitutional violations and practices Defendants ABERIN, HARDEN, and Does 1 to 200, and other DEPARTMENT officers, **specifically** consisting of false arrests of citizens based on fabricated criminal charges including the violation of California Vehicle Code §23152(a) (DUI).  **Specifically**, arresting citizens without probable cause such as in Plaintiff's case and/or in retaliation for the exercise of their First Amendment rights as set forth above.  Notwithstanding said notice, Defendants CITY, URBAN, and Does 101 to 200 have demonstrated deliberate indifference to these specific constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued violations reflective of said specific pattern(s) of conduct by Defendants ABERIN, HARDEN, and Does 1 to 200 and other DEPARTMENT officers.

The "policy, custom or practice", reflecting a deliberate indifference by Defendants CITY and URBAN, to the constitutional violations heretofore alleged, in addition to not taking necessary, appropriate or adequate measures to prevent the continued pattern of misconduct alleged herein also includes the "de-facto" policy of the Defendants of **ignoring** the training specifically provided to these Defendant officers and other officers prohibiting the conduct alleged in this complaint, i.e., giving the official and formal training "lip service" to the point where these Defendant officers as well as other DEPARTMENT officers feel free to ignore their training and duties and to abuse the authority provided to them.  It is a policy, custom or practice that "caused" these individual Defendant officers and other DEPARTMENT officers to feel free to ignore their duties and responsibilities owed to the citizen public and required per their training and the law.

Although the individually-named Defendant officers and other DEPARTMENT officers were **officially** trained and **officially** satisfied State and municipality training standards, Defendants URBAN and the CITY, **ignored** these individual Defendant officers' misconduct **and other officers' misconduct**, **as specifically alleged**, so as to give **lip service** to the officers' training and to **encourage**, in substantial and deliberate fashion, their continued misconduct in

violation of citizens' civil rights in the manner heretofore specifically alleged.  If there were, for example, **honest** Internal Affairs investigation standards, **serious** remedial recommendations for abuse of police officers' duties and responsibilities, **real** consequences for violation of DEPARTMENT rules, training, etc., those standards, discipline, etc., were **routinely** ignored by Defendants URBAN and the CITY constituting a "policy, custom, or practice" under *Monell* and *City of Canton v. Harris*.  The absence of real consequences for not following one's training, and for violating Departmental standards and/or statutory requirements was and still is one of the policies or customs followed by the CITY, DEPARTMENT, and Chief URBAN.

23. The acts of Defendants ABERIN, HARDEN, and Does 1 to 200, as alleged herein, are the direct and legal result of the deliberate indifference and policy and/or practice of Defendants CITY, URBAN, and Does 101 to 200, to violations of the constitutional rights of citizens by Defendants ABERIN, HARDEN and Does 1 to 200, and other members of the DEPARTMENT.  Defendants CITY, URBAN, and Does 101 to 200 have taken no action to stop the alleged wrongful conduct, as set forth above.  Plaintiff's injuries and damages were foreseeable and were the moving force of the deliberate indifference of the CITY, URBAN, and Does 101 to 200 to the patterns, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM

### (42 U.S.C. §1983 – Unlawful Customs, Policies, Habits, or Procedures)

### (Against Defendant CITY, URBAN, and Does 1 to 200)

24. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

25. Plaintiff alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the DEPARTMENT, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the CITY and/or the DEPARTMENT and/or URBAN:

///

    a. Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or

    b. Failing to institute, maintain, or effectively administer an appropriate training and/or retraining regimen on subjects such as free speech rights and/or seizures of citizens; and/or

    c. "Hurt a person – charge a person," pursuant to which, if an officer wrongly hurts a person, the officer will seek/recommend (to the local District Attorney) the **filing** of a criminal charge against the person; the officer seeks the filing of such charges with the belief that a conviction will prevent the person from suing for their injuries that were wrongfully inflicted by the officer.  Tolerating or condoning "hurt a person – charge a person" encourages officers to violate citizens' rights, to otherwise intimidate the victim-citizen and/or to cover up their own abuse of authority.

  26. In the alternative, upon information and belief, Defendant CITY, DEPARTMENT and/or URBAN may have instituted policies or training addressing some or all the topics listed above, but have either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

  27. The above-described customs, policies, practices, and/or procedures of the CITY, DEPARTMENT and/or URBAN were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

  28. As a proximate result of the foregoing customs, polices, practices, and/or procedures of the CITY, DEPARTMENT and/or URBAN, or the lack, or inadequacy, thereof, Plaintiff sustained injuries and damages as set forth above, in ¶15.  Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.  Plaintiff's only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiff substantial and complete protection from Defendants' unlawful policies and practices.  Plaintiff, thus, seeks both legal damages and equitable remedies in the form of injunctive relief against Defendant CITY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CLAIM

### (CA Constitution, Article I, §13)

### (Against Defendants ABERIN, HARDEN, CITY and Does 1 to 200)

29. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

30. The seizure of Plaintiff violated Plaintiff's rights under the California Constitution, Article I, §13, thereby entitling Plaintiff to damages.

31. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶15. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

32. Defendant CITY is liable under California Government Code §815.2 for the violations of Plaintiff's rights under the California Constitution, Article I, §13, committed within the course and scope of Defendants' employment.

33. In committing the acts alleged above, Defendants, including, but not limited to, Defendants ABERIN, HARDEN, and Does 1 to 200 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against Defendants ABERIN and HARDEN; no punitive damages are sought against the CITY or URBAN.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CLAIM

### (Violation of Civil Rights – California Civil Code §52.1(b))

### (Against Defendants ABERIN, HARDEN, CITY, and Does 1 to 100)

34. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

35. The conduct of Defendants ABERIN, HARDEN, and Does 1 to 100, as described herein violated California Civil Code §52.1(b) in that Defendants ABERIN, HARDEN, and

Does 1 to 100 interfered with Plaintiff's exercise and enjoyment of her rights, both Federal and the State of California, as enumerated above (including her right to be free from unreasonable searches and seizures as secured by the California Constitution, Article I, Section 13, the right to protection from bodily restraint, harm, or personal insult as secured by California Civil Code §43), through threats, intimidation and/or coercion and the use of wrongful arrest.

36. As a direct and proximate result of said Defendants' violation of Civil Code §52.1(b), Plaintiff suffered violations of her rights, and suffered damages as set forth herein.

37. Defendant CITY is liable under California Government Code §815.2 for the violation of California Civil Code §52.1(b) committed within the course and scope of Defendants' employment and/or the injuries and damages alleged in ¶15.

38. In committing the acts alleged above, Defendants, including, but not limited to, Defendants ABERIN, HARDEN, and Does 1 to 100, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants. No punitive damages are sought against the CITY.

39. Plaintiff is entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CLAIM

**(False Arrest)**

**(Against Defendants ABERIN, HARDEN, CITY, and Does 1 to 100)**

40. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

41. By the acts of Defendants ABERIN, HARDEN, and Does 1 to 100, alleged herein, Plaintiff was falsely arrested, thereby entitling Plaintiff to damages pursuant to California law. The false arrest of Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

///

42. Defendant CITY is liable under California Government Code §815.2 for the false arrest, committed within the course and scope of Defendants' employment.

43. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶15. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants ABERIN and HARDEN in their individual capacities. No punitive damages are sought against the CITY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CLAIM

### (False Imprisonment)

### (Against Defendants ABERIN, HARDEN, CITY, and Does 1 to 100)

44. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

45. By the acts of Defendants ABERIN, HARDEN, and Does 1 to 100 alleged herein, Plaintiff was falsely imprisoned, thereby entitling Plaintiff to damages pursuant to California law. The false imprisonment of Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

46. Defendant CITY is liable under California Government Code §815.2 for the false imprisonment committed within the course and scope of ABERIN'S and HARDEN'S employment.

47. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶15. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants ABERIN and HARDEN in their individual capacities. No punitive damages are sought against the CITY.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

# EIGHTH CLAIM

### (Intentional Infliction of Emotional Distress)

### (Against Defendants ABERIN, HARDEN, CITY, and Does 1 to 100)

48. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

49. The conduct of Defendants ABERIN, HARDEN, and Does 1 to 100, as set forth herein, was extreme and outrageous, illegal, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon Plaintiff with attendant physical consequences entitling Plaintiff to damages under California law.  The infliction of emotional distress upon Plaintiff was in retaliation for the exercise of Plaintiff's First Amendment rights.

50. As a result of said Defendants' conduct, as aforesaid, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth herein.

# NINTH CLAIM

### (42 U.S.C. §1983 – Negligent Selection, Training,

### (Retention, Supervision, Investigation, and Discipline)

### (Against Defendants CITY, URBAN, and Does 101 to 200)

51. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

52. Defendants CITY, URBAN, and Does 101 to 200 have, and, at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendants ABERIN, HARDEN, and Does 1 to 100 herein so as to avoid unreasonable risk of harm to persons.  Defendants CITY and URBAN failed to train and supervise their employees including ABERIN, HARDEN, and Does 1 to 200, and other DEPARTMENT officers, to prevent retaliation for civilians' exercise of their constitutional rights.

53. Said Defendants, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and

unlawful practices by Defendants ABERIN, HARDEN, Does 1 to 100, and other DEPARTMENT officers, as alleged in ¶13-15 and throughout this Complaint.

54. Notwithstanding this notice, Defendants CITY, URBAN, and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of this pattern of conduct by DEPARTMENT officers and Defendants ABERIN, HARDEN, and Does 1 to 100.

55. Said Defendants breached their duty of care to citizens in that they have failed to adequately train Defendants ABERIN, HARDEN, and Does 1 to 100, and other DEPARTMENT officers, in the proper use of their authority in the course of their employment as officers. This lack of an adequate supervisory response by Defendants CITY, URBAN, and Does 101 to 200, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing violation of the civil rights of citizens by DEPARTMENT officers ABERIN, HARDEN, and Does 1 to 100.

56. The wrongful conduct of these Defendants proximately resulted in Plaintiff's suffering and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## TENTH CLAIM

### (Conspiracy)

### (Against Defendants ABERIN, HARDEN, and Does 1 to 100)

57. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

58. Plaintiff is informed and believes and thereon alleges, that, at all times pertinent hereto, Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to commit the wrongs upon Plaintiff as heretofore alleged.

59. Plaintiff is informed and believes and thereon alleges that said Defendants, and each of them, did the acts and things herein alleged pursuant to and in furtherance of the conspiracy and mutual understanding(s) as alleged herein that violated Plaintiff's civil rights.

60. Plaintiff is informed and believes and thereon allege that said Defendants, and each of them, furthered their conspiracy by cooperation with or ratification and adoption of the acts of all defendants in carrying out the wrongful, tortious conduct as alleged hereinabove. Defendants ABERIN and HARDEN knowingly falsified their reporting of the July 26, 2013 incident in furtherance of the conspiracy to violate Plaintiff's rights including their false arrest and imprisonment of Plaintiff, and the remaining herein alleged civil rights violations.

61. As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered actual, special and general damages.

62. As alleged herein, Defendants and each of them, acted in a willful, wanton, deliberate, despicable, and oppressive manner with the intent to injure Plaintiff and to cause her harm, such that punitive and exemplary damages are appropriate herein.

63. Defendant CITY is liable under California Government Code §815.2 for the conspiracy, committed within the course and scope of Defendants' employment.

WHEREFORE, Plaintiff prays for relief as set forth below.

## ELEVENTH CLAIM

**(Injunctive Relief and Declaratory Relief)**

**(Against Defendants CITY, URBAN, ABERIN, HARDEN, and Does 1 to 100)**

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16 of this Complaint.

65. The continuing pattern, as described above, of Defendants maliciously, intentionally, oppressively, willfully, and in conscious disregard of rights of citizens of the City of Hayward in unconstitutionally depriving them of liberty, arresting them and violating their First Amendment rights reflect violations of the First and Fourth Amendments of the Constitution of the United States and 42 U.S.C. §1983 which violations reflect flawed policies of Defendants CITY and URBAN, carried out by ABERIN and HARDEN, further enforced by deliberate supervisorial indifference to their foreseeable constitutional consequences. The continued use of the policies permits and encourages members of the DEPARTMENT to restrain and falsely imprison/arrest citizens without due process or just cause, in contravention of the

COMPLAINT FOR DAMAGES                                                                                          - 15 –

*Whitted v. City of Hayward, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-2526

Constitution of the State of California and the Constitution of the United States of America. In this case and consistent with the fore-stated flawed policies, de-facto or otherwise, permit and encourage members of the DEPARTMENT to violate the constitutional rights of citizens in general and of Plaintiff in particular.

66. Unless and until the relief demanded in this Complaint is granted, Plaintiff has reason to believe that her constitutional rights to be free from false arrest/imprisonment and the other rights herein mentioned will continue to be threatened. Therefore, unless the relief demanded is granted, Plaintiff will suffer serious and irreparable injury by the threat of loss of her fundamental Constitutional rights.

67. Plaintiff has no plain, complete and adequate remedy at law to redress these violations, and threatened violations, and this suit for declaratory relief, injunctive relief, and damages, is her only means of securing complete and adequate relief. No other remedy would offer Plaintiff substantial and complete protection from continuation of Defendants' unlawful and unconstitutional acts, policies, and practices. Plaintiff has protectable interests that outweigh Defendants' interest in maintaining such inequitable and unreasonable policies and procedures.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

68. Plaintiff hereby demands a jury trial in this action.

## INTRADISTRICT ASSIGNMENT

69. This action arose in the City of Hayward, County of Alameda, State of California, and should be assigned to the San Francisco or Oakland Division. Civil L.R. 3-2(d).

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages in the amount $250,000;
2. Special damages according to proof at trial;
3. Punitive damages against Defendants ABERIN, HARDEN, and Does 1 to 200 in the amount of $250,000 each;

///

4. Reasonable attorney's fees pursuant to 42 U.S.C. §1988, California Civil Code §52.1(h);

5. Costs of suit incurred herein;

6. Injunctive relief;

7. Such other and further relief as the Court may deem just and proper.

Dated: June 2, 2014                    LAW OFFICES OF PANOS LAGOS


/s/PANOS LAGOS
Panos Lagos, Esq.
Attorney for Plaintiff,
AMY LOUISE WHITTED

COMPLAINT FOR DAMAGES                                          - 17 –

*Whitted v. City of Hayward, et al.*
USDC (N.D. Cal.) Case No.: 3:14-cv-2526